# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: AUGUST 26, 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0566-MR

JAMES BRADLEY TOWNSEND                              APPELLANT

V.               ON APPEAL FROM PULASKI CIRCUIT COURT
               HONORABLE JEFFREY T. BURDETTE, JUDGE
                  INDICTMENT NO. 18-CR-00328

COMMONWEALTH OF KENTUCKY                      APPELLEE

## MEMORANDUM OPINION OF THE COURT

## <u>REVERSING</u>

A circuit court jury convicted James Bradley Townsend of two charges of complicity to traffic in controlled substances and of being a first-degree persistent felony offender. The resulting judgment imposed a sentence of 20 years' imprisonment. Townsend makes two arguments in this matter-of-right appeal[1] seeking reversal of the judgment: (1) the trial court erred when it failed to suppress evidence seized from his home based on a defective search warrant and (2) the trial court erred when it allowed the Commonwealth to introduce improper propensity evidence in the guilt phase of the trial in the form of prior convictions for drug-related crimes. We find no error in the trial court's decision not to suppress the seized evidence, but we agree with Townsend that

---

[1] Ky. Const. § 110(2)(b) ("Appeals from a judgment of the Circuit Court imposing a sentence of . . . imprisonment for twenty years or more shall be taken directly to the Supreme Court.").

the judgment must be reversed because the trial court erred by allowing evidence of Townsend's prior convictions in the guilt phase of the trial.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Townsend was in jail on matters unrelated to the present case when his live-in girlfriend, Samantha Keith, sold illegal drugs to a confidential informant while in Townsend's residence. Police Capt. Roger Estep, who accompanied the informant, witnessed the crime for which Keith was later prosecuted.

Later, Estep contacted the same informant inquiring about a recent burglary. The burglary victim told police that he believed certain named individuals were responsible for the burglary and that some of the items stolen in the burglary could be found in Townsend's residence. A few weeks later, the same informant contacted Estep reporting that she had been in Townsend's residence where she had seen a few guns that Townsend said were stolen. Based on this information, Estep completed an affidavit and obtained a search warrant for Townsend's residence.

Some two months after Keith sold drugs to the informant in Townsend's residence, police executed a search warrant on the residence. During the search, officers found crystal methamphetamine, cooked methamphetamine, oxycodone pills, Suboxone strips, a bag of marijuana, and $1,274.00 in cash. In a truck located near Townsend's residence was a bag containing ingredients for manufacturing methamphetamine. The allegedly stolen guns described by the informant were not found.

2

The grand jury indicted Townsend for complicity to traffic methamphetamine and oxycodone, manufacturing methamphetamine, and for being a first-degree persistent felony offender. As the case proceeded to trial, the Commonwealth informed the trial court and defense counsel of its intent to introduce Townsend's prior conviction for possession of a methamphetamine precursor during the guilt phase of the trial. Over the defense's objection, the trial court ruled this evidence admissible, finding it probative of Townsend's intent and knowledge to manufacture methamphetamine. This prior conviction was discussed several times at trial. Ultimately, Townsend was not convicted of manufacturing methamphetamine, but he was convicted of complicity to traffic methamphetamine and oxycodone and of being a first-degree persistent felony offender.

## I. ANALYSIS

### A. The trial court properly denied Townsend's motion to suppress because the search warrant was supported by probable cause.

The Fourth Amendment provides the right of people to be secure in their houses and protects against unreasonable searches and seizures.[2] A search is unreasonable, absent a few exceptions, unless it is accompanied by a warrant supported by probable cause.[3] An affidavit submitted in support of a search warrant shows probable cause when it creates a reasonable likelihood that

---

[2] U.S. Const. amend. IV.; Ky. Const. § 10.

[3] *Com. v. Pride*, 302 S.W.3d 43, 50 (Ky. 2010).

evidence of the crime exists at the place to be searched.[4] The trial court examines the four corners of the affidavit and assesses the totality of the circumstances alleged to deduce if this reasonable likelihood exists.[5] Evidence found as a result of a warrant lacking this nexus will be suppressed.[6] We review de novo a trial court's denial of a motion to suppress.[7] In conducting our review, we ask if the warrant-issuing judge had a substantial basis for concluding probable cause existed.[8] If no basis exists, the evidence may be suppressed.

Our analysis in the present case begins with an assessment of the facts alleged in the affidavit. We look within its four corners to determine whether there was a fair probability that evidence of the crime, the burglary at the victim's house, will be found in a place, Townsend's residence. Estep prepared and submitted to the warrant-issuing judge an affidavit making the following assertions of fact:

> On 03/15/2017 the affiant drove confidential source 1705 to the aforementioned residence. Samantha Keith exited the aforementioned residence and walked up to my passenger side window. CS 1705 gave Samantha Keith $120.00 in exchange for a zip lock bag containing crystal methamphetamine. CS 1705 stated Samantha Keith is the girlfriend of Brad Townsend and resides with Brad Townsend at the aforementioned residence.
>
> On 05/17/2017 I contacted confidential source 1705 in reference to a burglary that had happened inside the Somerset city limits on

---

[4] *Minks v. Com.*, 427 S.W.3d. 802, 808 (Ky. 2014).

[5] *Hensley v. Com*, 248 S.W.3d 572, 576 (Ky. App. 2007).

[6] *Pride*, 302 S.W.3d at 49–50.

[7] *Id.* at 49.

[8] *Ragland v. Com.*, 191 S.W.3d 569, 583 (Ky. 2006).

05/13/2017. The victim of the burglary told Sgt. Dobbs that Corey Upchurch and Jordan Prince were responsible for the burglary. The person further stated to Sgt. Dobbs that some of the stolen items were with Brad Townsend. On 05/30/2017 confidential source 1705 called the affiant and stated she was at the aforementioned residence on 05/26/2017. CS 1705 states Brad Townsend showed her several rifles and shotguns and told her they were stolen. The confidential source has cooperated with the Somerset Police Department for approximately 2 months. The affiant has consistently found them to provide reliable information, which was corroborated by audio/Video recordings and/or controlled drug purchases.

Acting on the information received, Affiant conducted the following independent investigation:

A search of Courtnet records revealed Brad Townsend was convicted of rece1ving stolen property U/300 on 11/02/1993 case #93 CR-00031-01 Courtnet records also revealed Brad Townsend was convicted of Facilitation to manufacture meth on 05/06/2004 case #04 CR-00008-001. A further search of Courtnet records revealed Brad Townsend was convicted of PCS1 'on 03/08/2010 case #09 CR-00335-001. A further search of Courtnet records revealed Brad Townsend was convicted of Unlawful possession of a meth precursor and TCS 1St on 11/20/2014 case #14 CR 00098 001 & 14 CR 00100. Through the affiant's training and experience convicted felons are not allowed to purchase/possess firearms, they could obtain them through illegal sales, thefts, and residential or commercial burglaries.

Townsend argues this affidavit was "bare" and did not create a substantial basis for concluding probable cause existed for searching his property for the stolen guns. We disagree. The affidavit was supported by statements from a confidential informant who had proved to be reliable in the past.[9] The affidavit described that the victim believed his stolen property to be

---

[9] *Lovett v. Com.*, 103 S.W.3d 72 (Ky. 2003). Townsend does not argue that it was improper for the officer to rely on the informant's information, instead only focuses on the officer's reliance on the victim's statements because it was misleading.

at Townsend's residence.  Townsend contends this is a misleading statement because the victim also told the officer that two other men, not Townsend were responsible for the crime.  But we have never required that every fact in an affidavit must connect the defendant to the crime.  Instead, we ask if commonsense leads to the conclusion that evidence of the crime will be found in the place to be searched.

For example in an unpublished decision, *Holloway v. Com.*,[10] we found an affidavit containing several facts connecting the victim to a suspect to support the issuance of a warrant.  The affidavit described the victim's statement about the perpetrator's characteristics as well as information that led the victim's friends to believe she was going to meet him on the day she was killed.  Holloway argued that the affidavit was insufficient because it lacked several important details about the crime including the exact distance of the victim's car from the defendant's residence, and the affidavit did not explicitly state that the victim had been with Holloway.  But we discussed in *Holloway* that as opposed to a hyper-technical view of the facts, we must look to the totality of the circumstances.[11]  As a result, we found the victim's description alongside the other information led to the common-sense conclusion that there was a substantial likelihood that evidence of the crime would be found at Holloway's residence.[12]

---

[10] No. 2003–SC–0089–MR 2005 WL 204544 *6-7 (Ky. August 25, 2005).

[11] *Id*. at *7.

[12] *Id.*

A similar analysis in this case leads us to the conclusion that the affidavit was sufficient to support a finding of probable cause. While it is true that the victim did not implicate Townsend in the burglary, but only suggested the stolen guns were at his house, this statement still connected him to evidence of the crime. This information was then confirmed by the informant, who reported to police that Townsend not only told her the stolen guns were at his house but showed them to her as well. As Townsend notes, probable cause is a practical, non-technical conception that deals with the practical considerations of everyday life.[13] When considering the facts here described, the affidavit supports a substantial probability that evidence of the robbery, the robbery of the victim's house, would be found at Townsend's residence.

Townsend also argues the information in the affidavit was stale because at the time the warrant was executed the information that Estep had was 86 days old. It is a valid point that "[i]n the context of drug crimes information goes stale very quickly because drugs are usually sold and consumed in a prompt fashion."[14] However, whether the information in the warrant was stale is to be determined by the circumstances of each case.[15] As we explained in *Ragland v. Commonwealth*, staleness is not a cut and dry analysis, but requires an assessment of the circumstances surrounding the warrant.[16] The

---

[13] *United States v. Frazier*, 423 F.3d. 526, 531 (6th Cir. 2005).

[14] *United States v. Brooks*, 594 F.3d 488, 493 (6th Cir. 2010).

[15] *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998).

[16] 476 S.W.3d. at 584–85.

time between the events listed in the affidavit and the execution of the warrant is not entirely dispositive.[17]

The information connecting Townsend to the stolen guns was not stale. Townsend seems to avoid a crucial point: the warrant in this case was to search his residence for the stolen guns, not drugs. As the facts aver in the affidavit, the burglary occurred May 13, 2017. Four days later, Estep contacted the informant about Townsend after 1) the officer had been told by the victim that he thought the stolen property was at Townsend's residence, and 2) he had previously seen a drug transaction take place at Townsend's residence, with which the informant was connected. Thus it was logical for Estep to ask this informant about information regarding the stolen items because she had some knowledge about Townsend's residence. On May 26, 2017, the informant then relayed to Estep that Townsend had showed her stolen guns and on May 30, less than two weeks after the burglary, police executed the warrant.

Townsend focuses his staleness argument on the length of time between Keith's arrest on March 15, 2017, and the date the warrant was executed, May 30, 2017. However the drug transaction is not the reason the warrant was executed but instead was the reason Estep reached out to the informant. The events connecting Townsend to the burglary, the information connecting him to the presence of items stolen in the burglary, and the execution of the warrant,

---

[17] *Id.* at 584.

all happened in roughly two weeks, as the investigation progressed. Staleness is adjudged by the circumstances of each case. and this Court are not persuaded that the information supporting the issuance of this warrant was stale.

## B. The trial court committed reversible error when it allowed the Commonwealth to introduce evidence of Townsend's prior conviction in the guilt phase of the trial.

Townsend argues that admitting his prior conviction for possession of a methamphetamine precursor during the guilt phase of the trial was highly prejudicial and resulted in reversible error. This issue was properly preserved, so we review for abuse of discretion and reverse the conviction if the error was not harmless in that it substantially swayed the verdict.[18] Evidence of other crimes, wrongs, or acts cannot be used "to prove the character of a person in order to show action in conformity therewith."[19] Evidence of prior crimes is generally inadmissible unless it is relevant to an issue of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident in the case.[20] Even if the evidence is relevant to one of those categories and at issue in the case, the probative value must not be substantially outweighed by its potential for prejudice to the defendant.[21]

---

[18] *Dixon v. Com.*, 519 S.W.3d. 396 (Ky. App. 2017) (citing *Allen v. Commonwealth*, 395 S.W.3d 451, 467 (Ky. 2013)).

[19] Kentucky Rule of Evidence (KRE)404(b).

[20] *Bell v. Com.*, 875 S.W.2d. 882, 888 (Ky. 1994).

[21] *Id.* at 890.

Townsend was indicted on two counts of first-degree complicity to traffic a controlled substance; first offense and manufacturing methamphetamine, first offense; as well as first-degree persistent felony offender. The Commonwealth filed notice of intent to introduce KRE 404(b) evidence of Townsend's 2018 guilty plea to possession of a methamphetamine precursor after an active "compact meth lab" was found in his truck. The Commonwealth argued this prior conviction was relevant to prove Townsend's intent and knowledge relating to current manufacturing methamphetamine charge. Defense counsel countered that introduction of the prior conviction was unduly prejudicial and irrelevant until Townsend put at issue his knowledge or intent to manufacture methamphetamine. The trial court allowed the evidence to be admitted, finding that it was probative of Townsend's intent and knowledge of manufacturing methamphetamine and being familiar with the items.

The jury heard about the prior conviction more than once during the trial: first in the Commonwealth's opening statement, then in Estep's testimony, and finally in the testimony of Constable Wallace. The trial court admonished the jury more than once that this evidence was not to be used to prove guilt in the present case but only to show knowledge and intent. Ultimately, the jury did not convict Townsend of the methamphetamine manufacturing charge but convicted him of complicity to traffic a controlled substance in the first degree-first offense of greater than 2 grams of methamphetamine, complicity to traffic a controlled substance-first degree,

10

first offense of less than 10 dosage units of oxycodone, and of being a persistent felony offender in the first degree.

We find that the trial court erred by admitting evidence of Townsend's prior conviction even for the limited purpose of proving his knowledge and intent. As Townsend points out, he never denied he knew how to manufacture meth or lacked the intent to manufacture meth. Thus his prior conviction was not relevant to any genuinely disputed issue. Our discussion about KRE 404(b) in *Southworth v. Commonwealth*[22] is instructive in resolving this issue. We explained that "if there is no question of fact that the other-acts evidence resolves, or if there is no proof sufficient to raise a question to be answered, then the other-acts evidence has no relevance other than to show the defendant's propensity to commit acts of violence."[23] We drew a strict line "that relevance for purposes other than propensity must be found in disputed issues."[24]

Here, the Commonwealth contends Townsend's prior conviction is relevant to show knowledge, but that really means proof of the defendant's "ability or capacity to commit the act."[25] And "such capacity has to be more

---

[22] 435 S.W.3d. 32, 49 (Ky. 2014) ("Such evidence is not admissible unless the 'other purpose' allegedly justifying its admission is genuinely in dispute.") (citing Robert G. Lawson, *The Kentucky Evidence Law Handbook* § 2.25(II) (3d. ed. 1993)).

[23] *Id.*

[24] *Id.*

[25] *Id.*

11

than proof of a capacity shared by most people."[26]  Here, manufacturing meth

is an act that requires a skill set generally unknown to the average person.

But importantly, Townsend never disputed that he lacked that skill.[27]  The

same can be said of his intent to manufacture methamphetamine, as he also

never based his defense on the inability to form the requisite intent to commit

such a crime.  Instead, his defense was simply that the Commonwealth had no

proof that the items seized belonged to him.  Contrary to the Commonwealth's

position that intent and knowledge are always at issue in every drug

manufacturing case, we find that "the knowledge in question . . . must prove

some fact at issue in the case."[28]  Without intent or knowledge being in genuine

dispute, the trial court erred in allowing the previous conviction to be

introduced.

Because we find Townsend's prior conviction was erroneously admitted

we must now assess if the error warrants reversal.  An error is reversible if the

erroneously admitted evidence has a reasonable possibility of contributing to

the conviction; it is harmless if there is no reasonable possibility that it

---

[26] *Id*. 49-50. ("Evidence of a person's capacity to commit the act would not often be relevant to show that the act was done or the actor's intent; hence, capacity would usually be offered to identify the defendant as the person who did the act. When offered on the issue of identity, the ability shown must not be one shared by the entire populace; e.g., evidence of a prior shoplifting offered to prove the defendant has the ability to steal. Rather the ability must be one that would serve to discriminate between the defendant and other persons who might have committed the crime.").

[27] *Id*. at 50. ("If showing any kind of knowledge is sufficient to meet KRE 404(b), then the rule would eat itself. All proof of other acts shows some amount of knowledge of how to do the act.").

[28] *Id*. at 50.

contributed to the conviction.[29]  We find the facts here are like that in

*Commonwealth v. Buford.*[30]  In *Buford* we reversed the defendant's sexual-

assault conviction after KRE 404(b) evidence was improperly admitted.[31]  The

Commonwealth had introduced the victim's prior allegations of sexual assault

against the defendant to show modus operandi as well as intent, motive, plan,

or absence of mistake.[32]  We found this to be error because the prior

allegations were not so similar to be probative of Buford's charges.[33]

Additionally, we found the error to warrant reversal because several witnesses

testified regarding the allegations, and the prior-acts evidence was used as a

crucial part of the Commonwealth's theory of the case.[34]  Overall, the

improperly admitted evidence was testified to extensively by several witnesses

and was mentioned as a conclusive fact in the Commonwealth's closing

argument.[35]  Because the prejudicial evidence was pervasive, we could not say

that its admission did not violate Buford's substantial rights.

We likewise find here that Townsend's convictions must be reversed as

we cannot say with assurance that the jury was not substantially swayed by

---

[29] *Winstead v. Commonwealth,* 283 S.W.3d 678, 689 (Ky. 2009) ("A non-constitutional evidentiary error may be deemed harmless . . . if the reviewing court can say with fair assurance that the judgment was not substantially swayed by the error.").

[30] 197 S.W.3d. 66, 76 (Ky. 2006).

[31] *Id.* at 69-70.

[32] *Id.* at 70.

[33] *Id.* at 70-71.

[34] *Id.* at 72.

[35] *Id.*

13

the introduction of Townsend's 2014 guilty plea and conviction. While he was not convicted on the current manufacturing-methamphetamine charge, he was convicted of complicity to traffic a controlled substance of methamphetamine and oxycodone. The prior conviction was mentioned at least three times, including during the Commonwealth's opening statement, Estep's testimony, and Constable Wallace's testimony. Of all improper evidence admitted, Estep's statements are most concerning. On cross-examination, defense counsel asked Estep what evidence proved that items found in an off-site truck were Townsend's as opposed to Keith's.

> Estep: Just his priors.
> Counsel: Just because he's Brad?
> Estep: Just his priors . . . priors that he was charged to facilitation of manufacturing meth.
> [Judge asks counsel to approach]

This testimony is emblematic of forbidden propensity evidence: Estep informed the jury that the reason he charged Townsend was because he had committed a similar crime before. Constable Wallace's testimony was an in-depth analysis of the evidence against Townsend in 2014, including pictures and a description of the items found. Estep's statement combined with the additional testimony about Townsend's prior conviction made it more likely the jury was swayed by the propensity evidence. The jury was admonished that his prior conviction was only relevant to prove Townsend's knowledge of manufacturing meth and not evidence of guilt of any charge. However we cannot say this cured any potential for prejudice caused by repetition of the prior-act evidence. The testimonies and similarity between the prior and current offenses encouraged

14

the jury to infer that because he had been involved before in crimes like the ones charged here that he once again was guilty.[36] Thus we hold that Townsend's convictions must be reversed.

### III. Conclusion

The trial court properly denied Townsend's motion to suppress, because the warrant against him was supported by sufficient facts and the information contained therein was not stale. But because unduly prejudicial character evidence was improperly admitted against Townsend at trial, we must reverse the judgment and remand for a new trial.

All sitting. Minton, C.J., Hughes Keller, Lambert, Nickell, JJ., concur. VanMeter, J., concurs in part, dissents in part by separate opinion, in which Conley, J., joins.

VANMETER, J., CONCURRING IN PART AND DISSENTING IN PART: While I concur in much of the majority opinion, I note that the jury acquitted Townsend of the charge that was implicated by the prior conviction, *i.e.*, manufacturing methamphetamine, which charge was supported by evidence procured from the off-site truck. He was convicted of the charges, trafficking, related to the evidence at the house. In other words, admission of the evidence of the prior conviction was harmless error. Kentucky Rules of Criminal

---

[36] *Winstead,* 283 S.W.3d at 689.

15

Procedure 9.24. Furthermore the trial court properly ruled that the evidence satisfied the terms of KRE 404(b).

COUNSEL FOR APPELLANT:

Karen Shuff Maurer
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Mark D. Berry
Assistant Attorney General